UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ITPE PENSION FUND; ITPE ANNUAL BENEFIT FUND; ITPE HEALTH & WELFARE FUND, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No.  CV-04-S-2860-NE ) |
| H&R SERVICES, INC.; ROGER HALL; HOPE HALL, | ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION

This action is before the court on motion by the law firm Ferguson, Frost & Dodson, LLP ("FFD"), to withdraw as counsel for defendants.[1] One of the defendants is H&R Services, Inc.  This action also is before the court on plaintiffs' motion to compel defendants to provide initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1), and to answer outstanding interrogatories and requests for production of documents.[2]

"The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."

---

[1] Doc. no. 10.
[2] Doc. no. 13.

*Palazzo v. Gulf Oil Corporation*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Defendants are represented solely by FFD and have not obtained substitute counsel. According to FFD, defendants were notified of the motion to withdraw, both orally and in writing, contemporaneously with its filing on March 10, 2005.[3]

FFD states that, when it agreed to represent defendants in this action, "certain conditions precedent were required of the [d]efendants." Nevertheless, defendants "failed to comply with any of the conditions precedent," and "[i]n view of the failure of the [d]efendants to meet their obligations as required in the agreement to represent them, [FFD] cannot go forward with its representation."[4] No further explanation is provided.

A district court *may* permit counsel to withdraw from representation of a defendant corporation even when substitute counsel has not been obtained. *See Fidelity National Title Ins. Co. of New York v. Intercounty National Title Ins. Co.*, 310 F.3d 537 (7th Cir. 2002). In *Fidelity*, the district court denied an attorney's motion to withdraw as counsel for defendant corporations (and other defendants), even though the defendants refused to pay $430,000 in legal fees and were making no efforts to engage new counsel. *See id.* at 539-540. The Seventh Circuit reversed the decision, primarily reasoning that under the American Bar Association Model Rules of

---

[3] *See* doc. no. 10, ¶ 4.
[4] *Id.*, ¶¶ 1-3.

Professional Conduct ("ABA Model Rules"), and under the Local Rules of the district court, lawyers were entitled to stop working when clients stopped paying. *See id.* at 540. This decision is instructive.

ABA Model Rule 1.16(b) states in relevant part that a lawyer may withdraw from representing a client if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

Here, FFD's motion *hints* that one of these reasons may justify its withdrawal. Nevertheless, FFD has not explained its position with sufficient particularity. The uninstructive assertion that defendants failed to satisfy "certain conditions precedent" leaves the court to speculate, and it will not do so. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2nd Cir. 1999) ("Although Lacara has alleged a nonpayment of certain disputed fees, he has not done so with sufficient particularity to satisfy us that withdrawal was justified on the eve of trial.").

Local Rule 83.1(e) of the United States District Court for the Northern District of Alabama states, in more general terms, that

> Unless disbarred or suspended, attorneys shall be held at all times to

3

>represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and to opposing counsel, they are permitted by order of court to withdraw from such representation. . . . .

Under this provision, this court may *permit* counsel to withdraw. "In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting*, 187 F.3d at 320 (alterations in original) (citations omitted) (internal quotation marks omitted). Certainly, the prosecution of plaintiff's suit will likely be disrupted where, as here, counsel seeks to withdraw from representing a corporation, which may *not* appear before this court *pro se*. The court concludes, therefore, that the motion to withdraw is due to be denied.

The court must now turn to plaintiffs' motion to compel discovery. Defendants responded on May 13, 2005 that FFD had filed a motion to withdraw, and that defendants expected to have "new counsel shortly."[5] There were no substantive objections to plaintiffs' motion. The court concludes, therefore, that plaintiffs' motion is due to be granted. Defendants must satisfy their initial disclosure requirements and respond to plaintiffs' discovery requests by June 10, 2005.

An appropriate order will be entered contemporaneously herewith.

---

[5] Doc. no. 15.

4

DONE this 20th day of May, 2005.

／s/ Lynwood Smith
_____
United States District Judge